UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:09CV-557-H

ATRIA SENIOR LIVING GROUP, INC.                                              PLAINTIFF

V.

BEST WESTERN INTERNATIONAL, INC.                                             DEFENDANT

**MEMORANDUM OPINION AND ORDER**

Plaintiff, Atria Senior Living Group, Inc. ("Atria") seeks a preliminary injunction to prevent Best Western International, Inc. ("Best Western") from using the term "Atrea" in connection with its hotel business. The Court has now heard all the evidence and reaches the following factual and legal conclusions.

I.

Atria is one of the largest providers of assisted and independent housing for seniors in the United States. It owns federally registered marks for "ATRIA" both with and without other words and design elements. Atria has used the mark continuously in connection with its business since 1996. As a matter of law, the mark has become "incontestable" by virtue of Section 15 of the Lanham Act. 15 U.S.C. § 1065.

Best Western is a membership association supporting approximately 2,000 member hotels in North America. Recently, Best Western has opened at least four hotels under a new brand, "Atrea," which is used in connection with the Best Western designation. Best Western has plans to open more "Atrea" hotels in the future.

II.

At this early stage of the litigation, the question is whether Atria can show a strong likelihood of success on the merits of its claim that Best Western's use of the name "Atrea" is "likely to cause confusion among consumers regarding the origin of the goods offered by the parties." *Daddy's Junky Music Stores, Inc. v. Big Daddy's Family Music Ctr.*, 109 F.3d 275, 280 (6th Cir. 1997). When evaluating the likelihood of confusion, this Court must analyze the now familiar eight (8) "Frisch" factors. *Id.* citing *Frisch's Restaurants, Inc. v. Elby's Big Boy, Inc.*, 670 F.2d 642, 648 (6th Cir. 1982). The eight factors are: strength of the senior mark, relatedness of the goods or services, similarity of the marks, evidence of actual confusion, marketing channels used, likely degree of purchaser care, the intent of defendant in selecting the mark, and likelihood of expansion of the product lines. The Sixth Circuit has advised that "these factors imply no mathematical precision, but are simply a guide to help determine whether confusion is likely. ... The ultimate question remains whether the relevant consumers are likely to believe that the products or services are affiliated in some way." *Daddy's*, 109 F.3d 275, 280.

III.

The Court will look at each factor separately and consider their relative merit and strength as well.

**Strength of the senior mark:** Atria's mark has some strength as a "suggestive" mark. It is not as strong as an arbitrary mark because "Atria" is an actual word describing, among other things, the chambers of a heart. As such, it is intended to create an association between a heart and Atria's image as a caring and connected home place. However, beyond the mark's strength

as a suggestive mark, nothing extraordinary about the marketing or distinctiveness of the use enhances its strength.  Many other businesses have independently adopted the name for a variety of unrelated purposes.  Nonetheless, this factor favors Atria.

**Relatedness of the goods or services:** The services offered by the parties are only marginally related.  Atria argues that both companies sell rooms and associated amenities and that its facilities have the look and feel of a fine hotel.  Though true, the relatedness ends there.  Atria primarily markets long-term senior and assisted-living facilities; Best Western sells hotel/motel rooms with an average stay of one or two days.  Thus, the primary and fundamental function of the services provided is entirely different.  The services are dissimilar in length of stay, size of room, age of customer, process for purchase, usual location, furnishings, meal plans, and activities.  Because the services identified by the respective marks have minimal overlay and only a tenuous connection, there is very little opportunity for confusion. This factor strongly favors Best Western and outweighs many other strength of mark considerations in these circumstances.

**Similarity of the marks:** The use of similar words, "Atria" and "Atrea," is at issue here.  The words have a similar spelling and pronunciation, and thus could be confused.  This similarity is particularly susceptible to an initial confusion.  Beyond that, the words are incorporated into logos and additional designs which are mostly dissimilar.  This factor favors Atria simply due to the direct similarity of the words.

**Evidence of actual confusion:** Atria has no evidence of actual confusion.  Though Atria suggests that some confusion could occur in the abstract, the Court believes that this is unlikely in these circumstances.  Nevertheless, because absence of actual confusion is not required to find

3

a likelihood of confusion, this factor is neutral.

**Marketing channels used:** The two companies market their respective services in mostly different ways. Though they employ some similar communication channels, their approaches are entirely different. Atria markets a careful life style choice involving the entire family. To reach customers, it primarily relies on geographic convenience and word of mouth. Best Western has an entirely different type of need and customer. Its nationwide network and convenience of travelers (from out of town) are key marketing factors. Consequently, a potential customer is unlikely to encounter the two either under the same circumstances or in the same advertising media. While it is true that the elderly may have a need for senior living facilities as well as a hotel room, they are unlikely to be searching for both at the same time or to confuse the two. This factor favors Best Western.

**Likely degree of purchaser care:** This is an important factor here. The customers looking for Atria's service undoubtedly exercise a high degree of care in making their choice. There is no evidence that Best Western customers would think that a senior living company is associated with a regular hotel. Under any circumstance, the customers of each are sophisticated enough and careful enough to distinguish between the two kinds of services. Those persons who might be confused by the similar name would likely be those who are not fully investigating Atria. Therefore, this factor favors Best Western because the customers' degree of care will likely prevent initial confusion.

**Intent of defendant in selecting the mark:** The intent criteria may well favor Atria, but not so strongly as to make a difference. Best Western knew of the other uses and may have reasonably thought that it did not infringe on other marks. After receiving a complaint from

Atria, Best Western took minimal steps to avoid the direct word identity and confusion. This factor is mostly neutral.

**Likelihood of expansion of the product lines:** Atria has not produced convincing evidence that Best Western intends to expand its business into the senior living area, which would be more directly competitive to Atria and which would raise the likelihood of confusion between the marks. Whatever overlap in customers now exists is likely to remain the same. Moreover, the overlap is not potentially confusing because Atria and Best Western are selling different services. This factor favors Best Western.

IV.

Atria has cited several cases which it argues support an injunction here. The Court concludes that these cases neither require nor strongly support such a result. In *The Clinton Co. v. Health Quest Management Corp.*[1] an Illinois federal court considered confusion between two companies offering related services in a limited geographic area that were using *exactly* the same trade name. Those circumstances are different from the evidence here, where the marks are slightly different and regularly used along with a broader house mark. The *Advantus Capital Mgt., Inc. v. Aetna, Inc.*[2] case also has similarities, but is different on a critical element. In *Advantus*, a Mississippi district court suggested that Aetna might take advantage of selling health care administration services to the same persons as the plaintiff sold financial products by cross selling its own financial products to those same persons. We have nothing approaching that here. The Court finds little potential for potentially confusing and unfair cross-selling on the

---

[1] 1986 U.S. Dist. Lexis 22100 (N.D. Ill. 1986).

[2] 2006 WL 2916840 (D. Miss 2006).

5

current record.

Atria also references *Dreamwerks Production Group, Inc. v. SKG Studio*,[3] to support its argument that a lesser known company may enforce its trademark rights against a larger and better known company. Nothing in this Court's decision suggests otherwise. The Court only concludes that Atria is unlikely to win its case, not that it cannot win or that its claim fails as a matter of law. All of that remains to be tested at trial, should that be necessary. The *Dreamwerks* case concerned the reversal of a summary judgment, not a ruling on a motion for preliminary injunction, which is a very different matter.

V.

On balance, the eight factors favor Best Western. Both on a numerical basis and on the basis of their importance, the factors suggest that confusion among Best Western customers is unlikely. Atria argues that its unique name is entitled to broad protection that would prohibit Best Western's current use of "Atrea." However, many of its other arguments concerning the relatedness of the businesses, the similarity of the customers and the overlap of services, simply fall short at this stage of the litigation. The unrelatedness of the respective businesses makes it much less likely that confusion might occur.

The Court's preliminary review of the evidence suggests that Atria will have difficulty proving a likelihood of confusion. While the Court cannot discount that a person or so might associate Atria with Best Western or vice versa, this suggestion remains in the realm of a theory, rather than a likelihood. This conclusion is enough to resolve the currently pending motion. Because Atria has not shown a strong likelihood of success on the merits, the Court need not

---

[3] 142 F.3d 1127 (9th Cir. 1998)

analyze the other factors. On these grounds alone, injunctive relief is not appropriate at this time.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Atria's motion for a preliminary injunction is DENIED.

cc: Counsel of Record